# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 18, 2017

Plaintiff-Appellee,

v

No. 330940
Wayne Circuit Court
LC No. 14-010043-01-FC

MIGUEL CORNELL ROBINSON,

Defendant-Appellant.

Before: M. J. KELLY, P.J., and BECKERING and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right from his bench trial conviction for armed robbery, MCL 750.529.[1] We affirm.

This case arises from the armed robbery of the victim as he was riding his bike to the grocery store. According to the victim, he was cut off from the parking lot entrance by a white sport utility vehicle, and one of the passengers, who he identified as defendant, stuck a gun in his face and demanded that he empty his pockets. After robbing the victim of $8, the vehicle sped away. The following day, the victim was called to the police station to view a live lineup of possible suspects. Upon seeing the lineup, he immediately stated that defendant was the man who robbed him.

Before trial, defendant moved to suppress the victim's lineup identification and any in-court identification, arguing that the officer conducting the lineup informed the victim that he had picked the right person, which the officer denied. Defendant argued that this comment rendered the lineup unduly suggestive, which would also taint any in-court identification. The trial court denied defendant's motion, citing lack of a legal basis. At trial, the victim again identified defendant as the person who robbed him and confirmed that the person that he identified in the lineup was the same person that he identified in court.

Defendant argues that his due process rights were violated when the trial court denied his motion to suppress the victim's in-court identification and the evidence of his identification in a

---

[1] Defendant was sentenced to 21 months to 15 years' imprisonment.

-1-

live lineup. We disagree.[2] "In order to sustain a due process challenge, a defendant must show that the pretrial identification procedure was so suggestive in light of the totality of the circumstances that it led to a substantial likelihood of misidentification." *People v Kurylczyk*, 443 Mich 289, 302; 505 NW2d 528 (1993). When considering whether a lineup was unduly suggestive, the trial court should consider not only whether the lineup was suggestive, in that defendant stood out from the others, but also whether the likelihood of misidentification exists in light of the witness's opportunity to view the offender as the crime was being committed, the witness's level of attention to the offender, the length of time between the crime and the witness's identification, the accuracy of the witness's initial description of the offender, and the witness's level of certainty at the identification. *Id*. at 306.

In *People v King*, 384 Mich 310, 312-313; 181 NW2d 916 (1970), the Supreme Court did not find it unduly suggestive when, after the witness made his identification, it was indicated to him that he had identified the individual whom the police suspected. Defendant presents essentially the same argument in this case. Because his position has already been considered and rejected by the Supreme Court, he is not entitled to relief on this basis.

Additionally, a review of the factors in *Kurylczyk*, supports the trial court's determination that the victim had accurately identified defendant as the person who robbed him. *Kurylczyk*, 443 Mich at 306.[3] Even though the victim's memory was not clear as to some of the details of the robbery, the victim was positive, both during the lineup and at trial, that it was defendant who robbed him. The victim immediately identified defendant upon viewing the lineup, which took place the day after the robbery occurred. Even though the victim testified that he was looking at the gun during the robbery, he recalled that defendant was sitting in the rear driver's side seat (which was the same seat that defendant was in when the vehicle was pulled over on the day of the robbery), that there was a man with a mask on in the front passenger seat (a mask was found during a search of the vehicle), and the description of the vehicle (a white, four-door sport utility vehicle). The evidence supports that the victim made an immediate positive identification of defendant before the officer allegedly commented that he had picked the right person. Based on the totality of the circumstances, there was no likelihood of misidentification during the lineup or during trial. Thus, the lineup identification procedure was not unduly suggestive, and the trial court did not err in denying defendant's motion to suppress the lineup and in-court identification.

Additionally, defendant argues that he was deprived of his constitutional right to effective assistance of counsel when his trial counsel did not seek a mistrial on the basis of the lineup and

---

[2] "The trial court's decision to admit identification evidence will not be reversed unless it is clearly erroneous." *People v Harris*, 261 Mich App 44, 51; 680 NW2d 17 (2004). "Clear error exists if the reviewing court is left with a definite and firm conviction that a mistake has been made." *Id*. We review questions of law relevant to a motion to suppress an identification de novo. *People v Perry*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 328409); slip op at 3.

[3] The trial court, as the fact finder, was in the best position to judge the victim's credibility. *People v McCray*, 245 Mich App 631, 640; 630 NW2d 633 (2001).

in-court identification. We disagree. There are "two components" to establishing an ineffective-assistance-of-counsel claim, defendant must first show, "that counsel's performance was deficient," and second, that "the deficient performance prejudiced the defense." *Strickland v Washington*, 466 US 668, 687; 104 S Ct 2052; 80 L Ed 2d 674 (1984).[4] Counsel is presumed effective, and a defendant has a heavy burden to prove otherwise. *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016). "Trial counsel is not required to advocate a meritless position." *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

Because we find no merit to defendant's contention that the pre-trial identification procedure was unduly suggestive, his claim that his trial counsel was ineffective for failing to request a mistrial on the basis of that identification is equally without merit. Additionally, while his trial counsel did not move for a mistrial, he did file a motion to suppress the identification. At the hearing on that motion, although he could not think of a legal basis to suppress the identification, defendant's trial counsel asked the trial court to allow defendant an opportunity to argue the motion himself. Although that request was denied, we conclude that by filing the motion and asking the trial court to hear defendant's argument, defendant's trial counsel ensured that the court was aware of defendant's position with respect to the identification. The fact that defendant's position was without merit was not the fault of trial counsel, and defendant was not denied his constitutional right to effective representation.

Affirmed.


/s/ Michael J. Kelly
/s/ Jane M. Beckering
/s/ Douglas B. Shapiro

---

[4] "Whether a defendant has been deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law, and a trial court's findings of fact are reviewed for clear error, while questions of constitutional law are reviewed de novo." *People v Johnson*, 315 Mich App 163, 174; 889 NW2d 513 (2016) (citations omitted).